IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 20, 2008

Charles R. Fulbruge III
Clerk

No. 08-50365
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SANTOS RAUL LAINES-FUNES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2811-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Santos Raul Laines-Funes pleaded guilty to illegally re-entering the United States after having been removed, in violation of 8 U.S.C. § 1326. He challenges only his sentence.

Because Laines had a prior conviction for a crime of violence, his advisory Sentencing Guidelines base offense level of eight was increased 16 levels,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2L1.2(b)(1)(A). (Laines also received a three-level reduction for acceptance of responsibility.) Laines' total offense level of 21, and his criminal history category of IV, resulted in his having an advisory sentencing range of 57 to 71 months.

Laines requested a sentence below that range. The district court denied his request; and, in April 2008, Laines was sentenced, inter alia, to 71-months' imprisonment.

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g., United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

Laines does not challenge the district court's sentencing-range calculation. Instead, he contends his 71-month sentence was greater than necessary to accomplish the sentencing goals listed in 18 U.S.C. § 3553(a)(2). Laines concedes that our court ordinarily applies a presumption of reasonableness to within-guidelines sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, ___ S. Ct. ___, 2008 WL 3996218 (Oct. 6, 2008). Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), Laines urges the presumption should not apply in this instance because Guideline § 2L1.2 is not "supported by empirical data or national experience". Laines additionally urges his instant offense: did not involve violent conduct; did not pose a danger to others; was not inherently evil; and "was, at bottom, an international trespass". Moreover, he contends his sentence did not account for his motivation for re-entering the United States—to be with his wife and children.

Kimbrough does not support Laines' contentions regarding § 2L1.2. See Kimbrough, 128 S. Ct. at 564-65; Campos-Maldonado, 531 F.3d at 338-39. The presumption of reasonableness is, therefore, applicable. See Campos-Maldonado, 531 F.3d at 338-39. The district court considered Laines' request for leniency in the light of his personal circumstances, but determined the within-guidelines 71-month sentence was appropriate. This was not an abuse of discretion.

AFFIRMED.