**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-51269
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

XAVIER IVAN ALVARADO-REY, also known as Xavier Iren Alvarado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-2494-ALL

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Xavier Ivan Alvarado-Rey (Alvarado) pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced Alvarado to 37 months in prison, a sentence which was at the low end of the advisory guidelines range of imprisonment. Alvarado appeals his sentence, arguing that it is unreasonable because (1) it is greater than necessary to satisfy the sentencing objectives set forth in 18 U.S.C. § 3553(a); (2) it reflects an unwarranted sentencing disparity

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he could not participate in a fast-track program; and (3) it is not entitled to the appellate presumption of reasonableness because the Guideline upon which his sentence was based, § 2L1.2, is not supported by empirical data or national experience. For the following reasons, we affirm.

Although Alvarado acknowledges that his argument regarding fast-track disparities is foreclosed in this circuit, he raises it to preserve it for future Supreme Court review. Because Alvarado's argument is foreclosed, we need not consider it further. *See United States v. Duarte*, 569 F.3d 528, 531 (5th Cir. 2009).

Alvarado also acknowledges that his argument regarding the § 2L1.2 Guideline is also foreclosed in this circuit, indicating that he raised it merely to preserve it for future Supreme Court review. Because Alvarado's argument is foreclosed, we need not consider it further. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *petition for cert. filed* (June 24, 2009) (No. 08-11099).

Finally, Alvarado contends that his sentence is unreasonable because it is greater than necessary to achieve the sentencing objectives specified in § 3553(a), he presented mitigating circumstances regarding his illegal reentry -- that he returned to the United States to take care of his wife and his children, he did not commit a crime of violence, and he did not pose a danger to others when he reentered the United States. Because Alvarado did not object in the district court to the substantive reasonableness of his sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-94 (5th Cir.2007), *cert. denied*, 128 S. Ct. 2959 (2008). The record reflects that the district court considered Alvarado's sentencing arguments as well as the following § 3553(a) factors when it imposed Alvarado's sentence: the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to promote respect for the law, deter future criminal conduct, and protect the public. Because the district court considered the appropriate

factors and articulated a reasoned basis for imposing a 37-month sentence, which was within the statutory and advisory guideline ranges and is presumed reasonable, *see Rita v. United States*, 551 U.S. 338, 356-57 (2007), Alvarado has not shown error, much less plain error, concerning the imposition of his sentence. *See Peltier*, 505 F.3d at 392-94.

AFFIRMED.