# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50350
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ULISES AYALA-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-709-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Ulises Ayala-Ramos appeals the 46-month prison sentence imposed by the district court after he pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326. He argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a) and specifically asserts that, in light of *Kimbrough v. United States*, 552 U.S. 85 (2007), U.S.S.G. § 2L1.2, the guideline provision applicable to violations of § 1326, is flawed in that it is not supported by "empirical data" and allows previous convictions to be "double

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counted" in the calculation of guidelines ranges. Ayala-Ramos further asserts that the sentence fails to adequately account for his circumstances and motives and that the Sentencing Guidelines produce unwarranted sentencing disparities because of the random availability of "fast track" programs.

We have consistently rejected Ayala-Ramos's "empirical data" argument, concluding that *Kimbrough* does not require courts to independently analyze the empirical grounding behind each individual Guideline. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Furthermore, we have also rejected the argument that using a prior conviction to increase the offense level and in calculating the criminal history score is impermissible "double counting." *Id.* at 529-31. Ayala-Ramos has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

Ayala-Ramos's argument that the district court abused its discretion in not considering the circumstances and motives surrounding his offense is equally unavailing. The district court considered Ayala-Ramos's argument that his circumstances justified a sentence below the guidelines range but ultimately implicitly rejected this argument by imposing the minimum guidelines sentence. Moreover, when reviewing the reasonableness of a sentence within a properly calculated guidelines range, we will infer that the district court "considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

As Ayala-Ramos concedes, the argument that his guidelines range was excessive because it resulted in an unwarranted disparity between defendants to whom the "fast track" program is available and those to whom it is not available is foreclosed by circuit precedent. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

The judgment of the district court is AFFIRMED.