**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50410
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALT YOVANI MARTINEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-408-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Donalt Yovani Martinez-Martinez appeals his sentence following his guilty plea conviction for illegal reentry into the United States, a violation of 8 U.S.C. § 1326. Martinez-Martinez was sentenced within his advisory guidelines range to 77 months of imprisonment and three years of supervised release. Martinez-Martinez contends that his sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2, the guideline provision applicable to violations of § 1326, is not empirically based. As acknowledged by Martinez-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Martinez-Martinez also contends that his sentence should be vacated as substantively unreasonable because it was greater than necessary to meet the requirements of 18 U.S.C. § 3553(a). Martinez-Martinez contends that his sentence overstated the seriousness of his illegal reentry offense, failed to reflect his personal history and characteristics, and overstated the need to deter future crimes and to protect the public. Martinez-Martinez's appellate arguments fail to establish that his sentence was unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

AFFIRMED.