# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-50354
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERGIO MORAIDA-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-374-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sergio Moraida-Rodriguez appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) and was therefore substantively unreasonable. Specifically, he argues that the guidelines range was too severe because United States Sentencing Guideline § 2L1.2 was not empirically based and gave excessive weight to his prior conviction. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the guidelines range overstated the seriousness of his nonviolent reentry offense and failed to account for his work history and motive for reentering the United States. Finally, Moraida-Rodriguez argues that the guidelines range was excessive because it resulted in an unwarranted disparity between his sentence and sentences imposed in fast-track jurisdictions.

This court reviews the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

This court has consistently rejected Moraida-Rodriguez's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). As Moraida-Rodriguez concedes, this court has also rejected his argument that the Guidelines produce unwarranted sentencing disparities between defendants who can participate in a fast-track program and defendants who cannot. *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

The district court considered Moraida-Rodriguez's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Moraida-Rodriguez's assertions that § 2L1.2's lack of an empirical basis, the age of his last conviction, the nonviolent nature of his offense, his work history, his motive for reentering the United States, and the lack of a fast-track program justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See id*. at 565-66. As Moraida-Rodriguez has not demonstrated that the district court's imposition of a sentence at the bottom of the guidelines range was an abuse of discretion, the district court's judgment is AFFIRMED.