# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2010

No. 09-50508
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ALBERTO PORTILLO-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-470-1

Before SMITH, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Alberto Portillo-Hernandez appeals the 70-month sentence imposed after he pleaded guilty to one count of being in the United States illegally after deportation. He raises three challenges to his sentence. All three challenges were raised at sentencing and are preserved for appeal.

Portillo-Hernandez first contends that he should have received a four-level reduction in his offense level as compensation for an unwarranted sentencing disparity between him and defendants who are convicted in districts with early

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disposition or fast-track sentencing programs as provided by U.S.S.G. § 5K3.1. As he recognizes, this argument is foreclosed by *United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir. 2008), where we held that the disparity caused by fast-track programs is not "unwarranted" and does not provide grounds for a sentence reduction.

Next, Portillo-Hernandez contends that using his 1994 manslaughter conviction to increase both his offense level and his criminal history score constitutes unlawful double-counting of the offense under the Sentencing Guidelines. He concedes that this argument also is foreclosed because double-counting is improper only when it is prohibited by a specific Guideline, and the Guidelines expressly allow consideration of a prior conviction in calculating both the offense level and the criminal history score. *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001); U.S.S.G. § 2L1.2, comment. (n.6) (Nov. 2008); *see also United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Finally, Portillo-Hernandez contends that his right to confront witnesses, as recognized by *Crawford v. Washington*, 541 U.S. 36 (2004), was violated when the court relied on hearsay contained in the presentence report. He concedes that this argument too is foreclosed because *Crawford* does not extend a defendant's Confrontation Clause rights to sentencing proceedings. *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.