# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 9, 2010

Lyle W. Cayce
Clerk

No. 09-51132
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDIN EDGARDO ALDANA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-821-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edin Edgardo Aldana appeals his 51-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data or national experience. Aldana also argues that the sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a). He contends that a sentence below the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines is sufficient because he reentered the United States only to find work in order to support his family; the use of his manslaughter conviction to calculate both his criminal history score and his offense level placed undue weight on his prior conviction; and there were mitigating circumstances surrounding his prior conviction for manslaughter because he shot the victim in self-defense.

As Aldana concedes, his argument that the presumption of reasonableness does not apply because § 2L1.2 is not empirically-based is foreclosed by *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied,* 130 S. Ct. 378 (2009), and *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008). We have also previously rejected the argument that the double counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31.

The district court considered Aldana's request for leniency, but it ultimately determined that a 51-month sentence was appropriate. The district court did not unreasonably reject Aldana's argument that he shot the victim in self-defense because the plea colloquy showed that Aldana approached the passenger window of the car with a gun and fired across the passenger seat striking the victim in the head and chest. Moreover, Aldana's assertion regarding his motive for reentering the United States is insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Aldana has not shown that his sentence was unreasonable, and he has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Accordingly, the judgment of the district court is AFFIRMED.