# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 16, 2011

No. 10-40235
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR CARLOS DE LA CRUZ SIERRA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-1193-1

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Carlos De La Cruz Sierra appeals the sentence imposed for his conviction for being an alien unlawfully found in the United States after deportation following an aggravated felony conviction, arguing that it is procedurally unreasonable because the district court failed to provide sufficient reasons for the 16-level enhancement under U.S.S.G. § 2L1.2, failed to show that it considered the 18 U.S.C. § 3553(a) factors, and failed to explain its rejection of his arguments that the enhancement resulted in double counting and his request for a sentence concurrent to the sentence imposed after his supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release revocation. At the sentencing hearing, he did not argue that the district court failed to provide sufficient reasons for rejecting his arguments. Therefore, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights; if he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The record reflects that the district court considered all of his arguments, the advisory guidelines range, and the § 3553(a) factors and provided sufficient reasons for the sentence imposed. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *see also Mondragon-Santiago*, 564 F.3d at 361. We previously rejected the argument that consideration of prior convictions to determine offense level and criminal history results in double counting. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Nothing in the record suggests that the district court believed that the Guidelines were mandatory or that the guidelines range was presumptively reasonable. He has not shown that the district court committed any error, plain or otherwise. *See Mondragon-Santiago*, 564 F.3d at 361.

De La Cruz Sierra argues his sentence is substantively unreasonable due to the lack of empirical data to support the enhancement, the double counting of his criminal history, and offense levels that are disproportionate to the seriousness of the offense. He concedes that we have previously rejected these arguments. *See Duarte*, 569 F.3d at 529-31; *Mondragon-Santiago*, 564 F.3d at 366-67; *United States v. Gomez-Herrera*, 523 F.3d 554, 526 (5th Cir. 2008). He has not rebutted the presumption that the within-guidelines sentence was substantively reasonable. *See Rita*, 551 U.S. at 347.

AFFIRMED.