# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 28, 2011

Lyle W. Cayce
Clerk

No. 11-50305
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUMBERTO PINA-VALLES, also known as Humberto V. Pina, also known as Humberto Pina Valles,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3067-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Humberto Pina-Valles challenges his 41-month sentence, imposed following his guilty-plea conviction for illegal reentry into the United States. He contends the sentence is unreasonable under the factors set forth in 18 U.S.C. § 3553(a) because it: overstated the seriousness of his offense; failed to provide just punishment for the offense; resulted from an unjust double-counting of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior drug-trafficking offense; and failed to account for his personal history, characteristics, and motive for unlawfully reentering the country.

Preserved objections, as in this instance, to the substantive reasonableness of a sentence are reviewed under a deferential abuse-of-discretion standard. *United States v. Gomez-Herrera*, 523 F.3d 554, 564 (5th Cir. 2008).

Our court has previously rejected the contention that a sentence imposed pursuant to Sentencing Guideline § 2L1.2 is unreasonable because it resulted from double-counting. *E.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Moreover, the record demonstrates the district court: considered Pina's arguments for a sentence below his Guidelines sentencing range; concluded Guideline § 2L1.2 provided a reasonable sentencing range; and imposed a sentence at the bottom of that range. Pina's disagreement with the sentence does not suffice to rebut the presumption of reasonableness given it. *Gomez-Herrera*, 523 F.3d at 565-66 (presumption of reasonableness when sentence within properly calculated Guidelines range).

AFFIRMED.