# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2012

No. 11-50502
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORETO MOTA REYES, also known as Loretto Reyes Mota, also known as Loreto Reyes Mota,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-214-1

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Loreto Mota Reyes appeals his 37-month term of imprisonment imposed following his guilty plea to the charge of being found illegally in the United States following deportation. Reyes argues that his sentence was procedurally unreasonable because the district court did not provide reasons for rejecting his request for a downward variance and failed to take into account non-guideline factors that should have received significant weight.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reyes did not object to the sufficiency of the district court's reasons for the sentence imposed and did not request that the district court address the specific arguments he had made for the variance. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus, obviate the need for our review." *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Thus, review is for plain error. *Id.*

While sentences imposed within the sentencing guidelines range require little explanation, if a party presents a legitimate issue for a departure the district court must provide an explanation that allows for meaningful review by the appellate court. *Gall v. United States*, 552 U.S. 38, 50 (2007)*; Rita v. United States*, 551 U.S. 338, 356–57 (2007). The district court's comments at sentencing reflected that it was familiar with the presentence report and Reyes's written objections to the report. During the hearing, the district court considered defense counsel's mitigating arguments supporting a downward variance and Reyes's explanation of his background and reasons for being in his present circumstances. It can be inferred that the district court considered all of this information in lowering Reyes's criminal history category and choosing a sentence, and an additional explanation for the sentence was not required for meaningful appellate review. *See Gall*, 552 U.S. at 50; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). Reyes has not demonstrated plain error with respect to this issue.

Reyes argues that in imposing the 37-month sentence, the district court failed to take into account significant mitigating factors and imposed an unreasonable sentence that was greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). He recognizes that this court has held that the lack of an empirical basis for the illegal reentry guideline does not overcome the presumption of reasonableness afforded a guidelines sentence, but he argues that if combined with the individual circumstances of his case, the lack of an

empirical basis for U.S.S.G. § 2L1.2 renders the sentence unreasonable. He raises this issue to preserve it for possible Supreme Court review.

The standard of review is unclear because although Reyes's counsel repeated his request for a variance after the sentence was imposed, counsel did not object on the basis of reasonableness. This court need not resolve this issue because Reyes has failed to show any error at all. This court affords a within-guidelines sentence a rebuttable presumption of reasonableness, which is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors. *United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). As previously discussed, the district court was made aware of Reyes's arguments for a downward variance, which addressed the relevant § 3553(a) factors in the case. There is nothing to indicate that the district court failed to assess the relevant factors or gave significant weight to an improper factor in the case such that the sentence should not be presumed reasonable. *Id.*

This court has consistently rejected Reyes's empirical data argument, even when it is accompanied by other arguments justifying the appellant's illegal reentry. *See United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Reyes has not rebutted the presumption of reasonableness. Thus, he has not demonstrated that the 37-month sentence, which was the bottom of the guidelines range, was the result of an abuse of discretion or plain error. The sentence imposed was reasonable and is AFFIRMED.