# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2012

Lyle W. Cayce
Clerk

No. 11-51019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBASTIAN RODRIGUEZ-FAVELA, also known as Raul Rios,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1468-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sebastian Rodriguez-Favela (Rodriguez) appeals the 54-month sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. Rodriguez argues that his within-guidelines sentence is substantively unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He contends that the applicable guidelines sentencing range is too severe because U.S.S.G. § 2L1.2 lacks an empirical basis and because his prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction for an aggravated felony increased both his offense level and his criminal history score.  He further argues that his illegal reentry offense was mitigated by his personal characteristics and history and that those factors were not adequately taken into account by the Sentencing Guidelines or the district court.

Rodriguez argues that a presumption of reasonableness should not be applied to his within-guidelines sentence because § 2L1.2 is not empirically based.  He concedes that this argument is foreclosed, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), but he raises the issue to preserve it for further review.

We previously have rejected the argument, which Rodriguez now makes on appeal, that § 2L1.2's purported empirical flaws and double-counting of previous convictions necessarily render a sentence unreasonable.  *See id.*  We reasoned that courts need not undertake "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines."  *Id.* at 530.  Although a district court has the discretion to consider such a policy-based argument in making its determination, it is not required to do so.  *See id.* at 530-31.

In addition, the record reflects that the district court heard the same mitigation arguments Rodriguez raises in his brief in this court and considered those arguments before selecting the 54-month sentence imposed here.  Rodriguez's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to [his] within-guidelines sentence."  *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  Rodriguez has failed to show that his sentence either failed to account for a factor that should have received significant weight or represented a clear error of judgment in balancing the sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.