**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

Lyle W. Cayce
Clerk

No. 11-51101
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FELIPE ALAMILLO-SERNA, also known as Felipe Alamillo,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-633-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Felipe Alamillo-Serna (Alamillo) appeals the 70-month sentence imposed after he pleaded guilty to illegal reentry after deportation. The sentence was increased under the Sentencing Guidelines due to a prior drug-trafficking offense, but it was at the bottom of the advisory guidelines range.

Alamillo contends that the sentence was substantively unreasonable because the court gave inadequate consideration to his cultural assimilation and his benign motivation for reentry. He also argues that the court gave too much

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

weight to his criminal history. His disagreement with the sentencing court does not overcome the presumption of reasonableness that attached to his sentence within the properly calculated guidelines range. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In addition, Alamillo contends that his sentence is not entitled to a presumption of reasonableness because the relevant Guideline for illegal reentry is not empirically based. As he concedes, this claim is foreclosed by circuit precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). He raises it only to preserve it for further review.

Alamillo fails to show that his sentence was unreasonable or an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007). The judgment of the district court is AFFIRMED.