# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

Lyle W. Cayce
Clerk

No. 11-51238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JUAN ALBERTO MURELLO-GOMEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2043-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Juan Alberto Murello-Gomez appeals his within-Guidelines guilty-plea sentence for illegal reentry after deportation or removal. He was sentenced, *inter alia*, to 41-months imprisonment. Murello challenges the substantive reasonableness of the sentence, claiming it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends his sentence fails to account for certain mitigating factors, such as cultural assimilation and his reasons for returning to the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51238

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Murello's failure to object at sentencing to the reasonableness of his sentence triggers plain error review. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Murello must show, *inter alia*, a forfeited error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009). He fails to do so.

The district court considered the factors Murello raises on appeal, and made an individualized sentencing decision based on the facts, and in the light of the § 3553(a) factors. *Gall*, 552 U.S. at 49-50. Murello's within-Guidelines sentence is entitled to a presumption of reasonableness. *E.g.*, *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He fails to show the presumption should not apply. The district court did not abuse its discretion in imposing a sentence within the advisory sentencing range. *E.g.*, *Gall*, 552 U.S. at 50-51.

Our court has consistently rejected Murello's challenges to: application of plain error review if there is no objection to the sentence's substantive reasonableness after the sentence is imposed, *Peltier*, 505 F.3d at 391-92; the presumption of reasonableness accorded to within-Guidelines sentences imposed under § 2L1.2, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); and the alleged unwarranted disparity created by the Western District of Texas' lack of a "fast-track" disposition program, *United States v. Gomez-Herrera*, 523 F.3d

2

No. 11-51238

554, 562-64 (5th Cir. 2008).  He raises these issues only to preserve them for possible future review.

AFFIRMED.