**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 5, 2012

Lyle W. Cayce
Clerk

No. 12-50061
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE EVERADO LUNA-ESCOBEDO, also known as Jose Luna-Escobedo,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2326-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegal reentry following deportation, Jose Everado Luna-Escobedo appeals his within-Guidelines, 30-months' imprisonment sentence. Luna contends: the sentence is substantively unreasonable because it fails to reflect his cultural assimilation to the United States, his benign motives for returning to the United States, the harsh consequences of being an alien in prison, and the remoteness of his criminal history; his sentence reflects an unwarranted sentencing disparity because he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

could not participate in a fast-track program; and it is not presumptively reasonable because the Guideline on which it was based, U.S.S.G. § 2L1.2, is unsupported by empirical data.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

The district court considered and rejected Luna's reasons for a more lenient sentence. It determined a within-Guidelines sentence was appropriate, especially in the light of Luna's criminal history. Luna seeks to have our court re-weigh the § 3553(a) sentencing factors. But the fact that we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. Obviously, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Thus, Luna has not shown that his sentence was substantively unreasonable. *See id.* He also has not rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Luna recognizes his contentions regarding fast-track disparities are foreclosed in this circuit, *see id.* at 563 n.4, as are those regarding the lack of empirical data concerning Guideline § 2L1.2, *United States v. Duarte*, 569 F.3d

No. 12-50061

528, 529-31 (5th Cir. 2009). He raises them here only to preserve them for possible future review.

AFFIRMED.