# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

Lyle W. Cayce
Clerk

No. 12-50181
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO ARGUELLES-CARBALLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-795-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For the first time on appeal, Armando Arguelles-Carballo asserts that his 87-month guidelines sentence for illegal reentry is substantively unreasonable. According to Arguelles-Carballo, the applicable guideline produced an unreasonably high sentence because the guideline was not empirically based and it double-counted his criminal history. He further asserts that his sentence overstated the seriousness of his offense, failed to provide just punishment, and undermined respect for the law because his illegal reentry offense was not a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime of violence or dangerous to others and "was, at bottom, an international trespass." In addition, Arguelles-Carballo contends that the sentence fails to account for his personal history and characteristics as a 55-year-old who moved to the United States in 1975, worked for 30 years as a welder, married, and had children who are United States citizens. Finally, he asserts that he reentered the United States because it was "where he had lived most of his life" and that his motive for returning mitigates the seriousness of the offense.

Although we ordinarily review sentences for reasonableness under an abuse-of-discretion standard, we review here for plain error because Arguelles-Carballo did not object to his sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). A within-guidelines sentence is not unreasonable because of the lack of empirical basis or any double-counting of the defendant's criminal history. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We also find no merit in the argument that the sentence is unreasonable because illegal reentry is, according to Arguelles-Carballo, merely an international trespass. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). The district court here adopted the presentence report, which described Arguelles-Carballo's personal history and characteristics. The court determined that an 87-month sentence was necessary after weighing the factors in 18 U.S.C. § 3553(a) and emphasizing Arguelles-Carballo's "significant criminal history," the nature of his past offenses, the likelihood that he would re-offend, and the need to protect the public.

Arguelles-Carballo has not shown that his presumptively reasonable sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Because he fails to show error, plain or otherwise, the judgment of the district court is AFFIRMED.