# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50902

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE HERIBERTO DUARTE

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and HIGGINBOTHAM and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

After he was apprehended on March 15, 2008, near El Paso, within a few days of wading across the Rio Grande into Texas, Jorge Heriberto Duarte, a Mexican national, pled guilty to illegal reentry[1] on June 19, 2008, and on August 29 he received a sentence of forty-six months' imprisonment, at the low end of the range advised under the federal sentencing guidelines. A previous drug

---

[1] 8 U.S.C. § 1326(a).

felony, which led to a brief prison term and then removal in May 2007, dramatically increased Duarte's sentencing range under the Guidelines.[2]

Duarte appeals his sentence, arguing that it was substantively unreasonable, that the inconsistent availability of "fast-track" programs that decrease some federal sentences leads to arbitrary and unlawful sentencing disparities, and that his within-Guidelines sentence is not entitled to our presumption of reasonableness[3] in light of the Supreme Court's decision in *Kimbrough*.[4]

I

In his central argument, Duarte asserts that the fact that his previous crime factored into his Guidelines range not only on his Criminal History Category but also on his offense level indicates an unjust "double-counting" of the old crime. He argues that the dramatically heightened punishment meted out upon reentering deportees convicted of certain predicate offenses is unsupported by empirical study and evidentiary reliability. Citing language from the Supreme Court's judgment in *Kimbrough* that highlighted a lack of empirical support for crack versus powder cocaine sentencing disparities as a factor supporting the district judge's discretionary downward departure in that case, Duarte claims that an examination of a Sentencing Guideline's empirical basis is now indispensable before appellate courts can apply a presumption of

---

[2] *See* U.S.S.G. § 2L 1.2(a). The base offense level of 8 was increased by 16 due to his previous removal and drug conviction; this, combined with a criminal history category of III, led to a sentencing range of 46 to 57 months of imprisonment. Without the 16 level increase, but with all other factors held constant, his sentencing range would have been 2 to 8 months.

[3] *See U.S. v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006).

[4] *Kimbrough v. U.S.*, 128 S.Ct. 118 (2007).

reasonableness to within-Guidelines sentences imposed by district judges. In essence, Duarte asks us to remove the presumption of reasonableness as to this and other allegedly non-empirically-grounded provisions of the Guidelines.

As the government points out, numerous panels of this court have faced and rejected arguments similar to Duarte's,[5] but only after briefing was completed in this case did a published opinion on point issue, *United States v. Mondragon-Santiago*.[6] Another published opinion, *United States v. Campos-Maldonado*,[7] also sheds some light. The question was subject only to plain error review in *Campos-Maldonado* and *Mondragon-Santiago*,[8] whereas Duarte has preserved his objection, but here the difference is of no moment.

Duarte argues with some force that the sixteen-level enhancement provided for illegal re-enterers who commit certain crimes can lead to excessive sentences for some defendants. He does not, however, point to any law suggesting how this possibility of unjust sentences – a persistent possibility under any system of sentencing and, more to the point, under any form of appellate review of sentencing – gives us authority to overturn the presumption of reasonableness that this court applies to within-Guidelines sentences.

---

[5] *See, e.g., U.S. v. Gonzalez-Camacho*, 301 F. App'x 314 (5th Cir. 2008); *U.S. v. Laines-Funes*, 299 F. App'x 471 (5th Cir. 2008); *U.S. v. Ponce-Lopez*, 299 F. App'x 410 (5th Cir. 2008); *U.S. v. Alcaraz-Salazar*, 300 F. App'x 275 (5th Cir. 2008); *U.S. v. Aguirre-Lopez*, 299 F. App'x 295 (5th Cir. 2008); *U.S. v. Ocampo-Zuniga*, 298 F. App'x 400 (5th Cir. 2008); *U.S. v. Infante-Ramirez*, 298 F. App'x 394 (5th Cir. 2008); *U.S. v. Vela-Martinez*, 300 F. App'x (5th Cir. 2008).

[6] __ F.3d __, 2009 WL 782894, *8-*9 (5th Cir. 2009).

[7] 531 F.3d 337 (5th Cir. 2008).

[8] This is never specified in the relevant section of opinion, presumably because the panel did not consider it of any import, but it appears to have been the case. Either way, that decision's reasoning is compelling, so we need not labor the point.

Intervening Supreme Court guidance, of course, could provide an avenue for our panel to revisit court precedent, but Duarte rests too much on the thin reed of *Kimbrough*, particularly reading *Kimbrough* in light of *Rita*, which expressly approves circuit courts' presumption of reasonableness for Guidelines sentences.[9] It is true that the *Kimbrough* Court "recognized that certain Guidelines do not take account of empirical data and national experience,"[10] but absent further instruction from the Court, we cannot read *Kimbrough* to mandate wholesale, appellate-level reconception of the role of the Guidelines and review of the methodologies of the Sentencing Commission.[11] Whatever

---

[9] *Rita v. U.S.*, 127 S.Ct. 2456 (2007). *See especially id.* at 2464-65 ("The result [of the Sentencing Commission's ongoing work] is a set of Guidelines that seek to embody the § 3553(a) considerations, both in principle and in practice. Given the difficulties of doing so, the abstract and potentially conflicting nature of § 3553(a)'s general sentencing objectives, and the differences of philosophical view among those who work within the criminal justice community as to how best to apply general sentencing objectives, it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives."). *See also Kimbrough*, 128 S. Ct. at 574-75.

[10] *U.S. v. Rosales-Robles*, 294 F. App'x 154, 155 (5th Cir. 2008); *see Kimbrough*, 128 S. Ct. at 575.

[11] *Kimbrough* did not question the appellate presumption . . . and its holding does not require discarding the presumption for sentences based on non-empirically-grounded Guidelines. . . . Even if the Guidelines are not empirically-grounded, the rationale of *Rita* undergirding the presumption still holds true . . . ." *Mondragon-Santiago*, 2009 WL at *8-*9. *See also Rita*, 127 S. Ct. at 2465, 2467 (contrasting the district court's role in sentencing and the appellate presumption of reasonableness); *Kimbrough*, 128 S.Ct. at 574 ("Section 3553(a)(6) directs *district courts* to consider the need to avoid unwarranted disparities – along with other § 3553(a) factors – when imposing sentences."). Our narrow reading of *Kimbrough* is supported by the Court's note in *United States v. Gall*, 128 S. Ct. 586, 594 n. 2 (2007) ("Notably, not all of the Guidelines are tied to this empirical evidence. For example, the Sentencing Commission departed from the empirical apporach when setting the Guidelines range for drug offenses, and chose instead to key the Guidelines to the statutory mandatory minimum sentences that Congress established for such crimes. This decision, and *its effect on a district judge's authority to deviate from a Guidelines range in a particular drug case*, is addressed in *Kimbrough* . . . .") (emphasis added) (internal citation omitted)).

appropriate deviations it may permit or encourage at the discretion of the district judge, *Kimbrough* does not force district or appellate courts into a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines. To the contrary, rather than aggrandizing appellate courts and sanctioning analysis from on high, the thrust of recent Supreme Court decisions has been to affirm the traditional entrustment of sentencing to the discretion of district courts, close to the ground and more cognizant of the details of offender and offense that should be determinative of sentence. Indeed, the very district court cases that Duarte cites in his critique of the re-entry sentencing guidelines are exemplary of how district courts use their discretion to apply guidelines to particular facts.[12]

## II

As Duarte acknowledges, the argument that disparities in the availability of "fast track" programs among federal districts requires that sentences be adjusted in the absence of "fast track" possibilities is foreclosed by precedent on this circuit,[13] so we do not consider it further.

Duarte provides no real grounds to doubt the reasonableness of his sentence. The district judge, before whom Duarte had previously appeared, considered Duarte's case carefully, including the arguments Duarte raised at sentencing. Upon examination of the record, we do not find that the sentence was unreasonable.

We AFFIRM the district court's judgment.

---

[12] *See U.S. v. Santos*, 406 F.Supp. 2d 320, 327-29 (S.D.N.Y. 2005); *U.S. v. Zapata-Treviño*, 378 F. Supp. 2d 1321, 1324-28 (D.N.M. 2005); *U.S. v. Galvez-Barrios*, 355 F.Supp.2d 958, 961-63 (E.D. Wis. 2005);

[13] *U.S. v. Gomez-Herrera*, 523 F.3d 554 (5th Cir. 2008).