**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-40919

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY EDWARD LETOURNEAU,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-855-ALL

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tommy Edward Letourneau appeals his conviction for failing to register in accordance with the Sex Offender Registration and Notification Act ("SORNA").  We AFFIRM.

**I.**

In 2004, Letourneau was convicted under Tennessee law of attempted sexual battery and sentenced to six years' imprisonment.  Before his 2007 release, Letourneau signed a pre-release registration form in which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acknowledged receiving notice of Tennessee's sex offender reporting requirements. Although the notice did not mention SORNA or expressly explain Letourneau's duty to re-register in a new state if he moved there, it did state that he was required to notify Tennessee authorities of any change of address, even a temporary one.

After his release, Letourneau left Tennessee and traveled to Brownsville, Texas, where he assumed the alias Pablo or Paul Rutherford. He never reported his move to Tennessee authorities nor did he register as a sex offender in Texas. Texas authorities eventually discovered Letourneau and the fact that he was a convicted sex offender. Although they informed him that he needed to register as a sex offender in Texas, he never did. Consequently, Letourneau was arrested for failing to register as a sex offender in violation of SORNA. When questioned, he admitted to knowing he was supposed to register in Texas but claimed he was unaware of how much time he had to do so. After he was indicted, Letourneau moved to dismiss the indictment on a number of constitutional grounds, but the district court denied his motion. Ultimately, a jury found Letourneau guilty as charged, and the district court sentenced him to fifty-one months' imprisonment followed by a life term of supervised release. Letourneau timely appealed his conviction.

## II.

Letourneau makes several constitutional challenges to his conviction. This court ordinarily reviews de novo a district court's denial of a motion to dismiss an indictment and the underlying constitutional claims. *United States v. Kay*, 513 F.3d 432, 440 (5th Cir. 2007), *cert. denied*, 129 S. Ct. 42 (2008). But where the defendant fails to present a challenge to the district court, this court will review only for plain error. *United States v. Fuchs*, 467 F.3d 889, 900 (5th Cir. 2006). Accordingly, we review Letourneau's Commerce Clause challenge for plain error and his Due Process Clause and non-delegation challenges de novo.

Our recent decision in *United States v. Whaley*, ___ F.3d ___, 2009 WL 2153651, at *1-2 (5th Cir. July 21, 2009), thoroughly sets forth the SORNA provisions relevant to this appeal, explaining that 42 U.S.C. § 16913 delineates when and how a sex offender must register and 42 U.S.C. § 2250 provides a federal criminal penalty in the event § 16913 is violated.

## A.

Letourneau first contends that SORNA's registration, § 16913, and penalty, § 2250, provisions exceed Congress's authority under the Commerce Clause. But this court recently held in *Whaley* that both § 16913 and § 2250 are a valid exercise of Congress's Commerce Clause power. 2009 WL 2153651, at * 2-6 ("[W]e conclude that requiring sex offenders to register both before and after they travel in interstate commerce – which clearly facilitates monitoring those movements and which has a minimal practical impact on intrastate sex offenders . . . – is 'reasonably adapted' to the goal of ensuring that sex offenders register and update previous registrations when moving among jurisdictions."). Letourneau's challenge is thus foreclosed by circuit precedent, so we do not consider it further. *See United States v. Duarte*, 569 F.3d 528, 531 (5th Cir. 2009).

## B.

Letourneau next argues that his conviction violates the Due Process Clause because he never received notice of his duty to register under SORNA.

This court's decision in *Whaley*, like every other circuit to address this issue, held that "notice of a duty to register under state law is sufficient to satisfy the Due Process Clause." 2009 WL 2153651, at *6 (citing *United States v. Gould*, 568 F.3d 459, 468-69 (4th Cir. 2009); *United States v. Dixon*, 551 F.3d 578, 584 (7th Cir. 2008); *United States v. Hinckley*, 550 F.3d 926, 938 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2383 (2009); *United States v. May*, 535 F.3d 912, 921 (8th Cir. 2008), *cert. denied*, 129 S. Ct. 2431 (2009)).

Although the facts pertaining to notice in *Whaley* differ slightly from the facts pertaining to notice here, the distinction is without a difference. Upon his release from prison, Whaley signed a notice that informed him of his duty to re-register in any new state to which he moved. *See id.* at *1. While the pre-registration form that Letourneau signed upon his release from prison was silent as to his duty to re-register in a new state to which he moved, it explicitly stated that he was to inform Tennessee authorities in the event any of his registration information, *e.g.* his address, changed.[1] Under SORNA, when a sex offender changes his "name, residence, [or] employment," he need only "appear in person in at least 1 jurisdiction involved . . . and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry." § 16913(c). Thus, had Letourneau notified Tennessee authorities of his change in address – a requirement that he acknowledged receiving notice of – he would have been in compliance with SORNA. Consistent with *Whaley*, then, because Letourneau had notice of his duty to register under state law (and failed to comply), he received due process of law. *See Whaley*, 2009 WL 2153651, at *6.

## C.

Letourneau's final argument is that SORNA violates the non-delegation doctrine by improperly delegating legislative powers to the Executive Branch by

---

[1] The form Letourneau signed stated in relevant part:

- "[I]f **any** information changes on my registration form even temporarily, for any reason longer than 10 days, I must notify TBI's [Tennessee Bureau of Investigation's] Sexual Offender Registry . . . or be subject to the penalties of the law."

- "If an offender knowingly does any of the following, the offender may be prosecuted . . . on a Class E felony violation of the registration laws: "failure . . . to timely register, . . . failure to timely disclose required information to a designated law enforcement agency, . . . . [or] failure to timely report to the offender's designated law enforcement agency when the offender moves to another state."

directing the Attorney General to decide whether and how a sex offender with a conviction pre-dating SORNA will be subject to its requirements.[2] In *Whaley,* we held that "[t]he delegation to the Attorney General to determine the retroactive applicability of SORNA is well within the limits of permissible delegation."  2009 WL 2153651, at *8.  Thus, this issue is foreclosed by circuit precedent.  *See Duarte*, 569 F.3d at 531.

## III.

For the above reasons, the district court's judgment is AFFIRMED.

---

[2]  For sex offenders "unable to comply" with the initial registration requirements in § 16913(b), SORNA delegated to the Attorney General the authority to determine SORNA's applicability.  *See* § 16913(d).