**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50127
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OCTAVIO ROJAS-RODRIGUEZ, also known as Juan Martinez, also known as
Octavio Rojas,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-653-ALL

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Octavio Rojas-Rodriguez pleaded guilty without a plea agreement to illegal
reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 41
months of imprisonment and three years of supervised release. Rojas-Rodriguez
argues that the within-guidelines sentence imposed by the district court was
unreasonable because it was greater than necessary to meet the goals of 18
U.S.C. § 3553(a). He argues that the illegal reentry Guideline, U.S.S.G. § 2L1.2,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

by double counting his prior conviction, significantly overstated his danger to the community and his risk of recidivism and failed to account for the relative seriousness of the offense. Rojas-Rodriguez did not make this objection or argument in the district court, and so we review for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Rojas-Rodriguez's argument that his advisory guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.) (rejecting argument that the fact that § 2L1.2 factors in prior convictions for offense level and criminal history results in unjust double counting that renders sentence unreasonable), *cert. denied*, 130 S. Ct. 378 (2009). Rojas-Rodriguez's within-guidelines sentence is afforded a presumption of reasonableness. S*ee Rita v. United States*, 551 U.S. 338, 347 (2007). Rojas-Rodriguez has not rebutted that presumption. *See Duarte*, 569 F.3d at 529-31. He has not shown plain error.

AFFIRMED.