# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2009

Charles R. Fulbruge III
Clerk

No. 09-50238
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO CRUZ TOSCANO-MARTINEZ, also known as Angel Martinez-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3133-1

Before KING, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alberto Cruz Toscano-Martinez (Toscano) appeals his 60-month guidelines sentence for illegal reentry into the United States following removal. Relying on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), he contends that the appellate presumption of reasonableness accorded to sentences within the properly calculated guidelines range should not apply because U.S.S.G. § 2L1.2 was not derived from empirical data and national experience. The presumption

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of reasonableness applies. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Toscano argues that his sentence was unreasonable because it was greater than necessary to achieve the sentencing goals in 18 U.S.C. § 3553(a), including the need for the sentence to deter future criminal conduct and to protect the public. He contends that a shorter sentence was appropriate because § 2L1.2 gives undue weight to a defendant's prior record, his past drug offenses were linked to his drug and alcohol addiction, the instant offense was not violent, and he reentered the United States to earn money for his family. In determining Toscano's sentence, the district court considered the advisory Guidelines, the presentence report, and appropriate factors under § 3553(a). The court considered Toscano's sentencing arguments and determined that a guidelines sentence was necessary to deter future criminal conduct and to protect the community. Toscano fails to rebut the presumption that his guidelines sentence was reasonable.

The judgment of the district court is AFFIRMED.