**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2011

Lyle W. Cayce
Clerk

No. 11-50023
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS GERMAN GARCIA-FIERRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1753-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luis German Garcia-Fierro (Garcia) pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him to 46 months in prison, within the advisory sentencing guidelines range of 46 to 57 months. Garcia challenges the substantive reasonableness of his sentence, arguing that his sentencing range was greater than necessary to meet 18 U.S.C. § 3553(a)'s goals of providing just punishment, that it overstated the seriousness of his offense, and that it failed to take into account mitigating factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Garcia argues that his offense of reentry was "at bottom, an international trespass." He continues that § 2L1.2 of the United States Sentencing Guidelines places heavy emphasis on a prior conviction, counting it for both criminal history and the 16-level enhancement. He also argues that his reasons for reentry into and remaining in the United States mitigate the seriousness of his offense.

We review sentences for reasonableness, employing a deferential abuse-of-discretion standard, and we presume that a sentence within a properly calculated guidelines range is reasonable. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). The purported double-counting and lack of empirical basis for § 2L1.2 do not necessarily render a within-guidelines sentence unreasonable. *See, e.g., United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We likewise see no abuse of discretion in the district court's rejection of Garcia's contention that illegal reentry–a federal felony carrying significant criminal penalties–is merely an international trespass, nor do we discern any improper weighing of the other factors cited by Garcia, including his personal history and characteristics. *See Cooks*, 589 F.3d at 186. The district court considered Garcia's arguments, the facts of the case, and the appropriate statutory sentencing factors before concluding that a within-guidelines sentence was appropriate. That determination is owed deference, and Garcia's disagreement with the district court's assessment of those factors is insufficient to rebut the presumption that the sentence is reasonable. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Additionally, as Garcia concedes, his argument that the lack of a "fast-track" disposition program in the Western District of Texas creates an unwarranted sentencing disparity is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

AFFIRMED.