**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

Lyle W. Cayce
Clerk

No. 11-10626

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

ANTHONY R. SHERLEY,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-5

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Anthony R. Sherley appeals his 420-month sentence for distributing child pornography. Sherley raises three issues on appeal, two of which he concedes are foreclosed. We AFFIRM.

Relying on a Second Circuit case, Sherley first contends that his sentence is substantively unreasonable because the child-pornography Guideline lacks an empirical basis and systematically results in sentences disproportionate to those necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). *See* U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10626

§ 2G2.2; *United States v. Dorvee*, 616 F.3d 174, 182-88 (2d Cir. 2010).  Sherley acknowledges that this argument is foreclosed by analogy based on our decision in *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).  We recently declined to follow the Second Circuit's lead on this question and specifically rejected the argument Sherley advances here.  *See United States v. Miller*, 665 F.3d 114, 119-26 (5th Cir. 2011), *cert. denied*, 2012 WL 894600 (June 18, 2012).

Sherley next asserts that the Fifth and Sixth Amendments require that any fact going to a sentence's reasonableness be proven to a jury beyond a reasonable doubt.  He specifically argues that the district court erred in finding, when such facts were neither contained in the indictment nor admitted, that he engaged in a prior pattern of sexual abuse; that he received images of child pornography in exchange for distributing such images; and that he possessed more than 600 such images at the time of his arrest.  These facts were alleged in the PSR.  Sherley failed to object to the PSR's contents, which the district court adopted as its factual findings.  As Sherley admits, precedent forecloses this issue.  *See United States v. Rhine*, 583 F.3d 878, 891 n.50 (5th Cir. 2009) ("'[T]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a guideline sentencing range.'" (quoting *United States v. Johnson*, 445 F.3d 793, 798 (5th Cir. 2006))).

In his only issue not foreclosed by circuit precedent, Sherley argues that the district court abused its discretion by imposing a sentence based upon a clearly erroneous "legislative fact": that Congress "thought" about § 2G2.2's allegedly harsh sentencing regime.  This argument stems from the district court's ruminations that, although it had "trouble with" similar cases because the "sentences are severe," it was "sure thought has been given to it and that when Congress directed the guidelines to be as they are, they were based on what members of Congress thought was appropriate, and . . . the Courts should [not] be second-guessing them."  In Sherley's view, § 2G2.2 resulted from a last-

2

minute, stealth amendment to a complex bill covering myriad other topics and, therefore, it is inaccurate to say that Congress "thought" about it. Sherley, however, failed to contemporaneously object to the district court's reference to congressional consideration of the Guideline amendment, arguably limiting our review to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Regardless of the standard of review, we conclude that the district court committed no error. In context, the district court's passing remarks merely reflected its respect for Congress. We disagree with Sherley's implicit assertion that a district court may not rely on Congress's expressed wishes unless the court first concludes—after a fact-finding hearing—that Congress gave "enough" thought to a bill's enactment. We have difficulty envisioning what such a hearing would look like. In any event, the district court's comments do not represent a "factual finding" that is or could be "clearly erroneous."

The sentencing transcript, moreover, makes explicit that the district court based its sentencing decision on factors permissible under § 3553(a). Although the district court noted that some child pornography cases result in "troub[ling]" and "severe" sentences, it stated that Sherley's case was "not as difficult" because he "ha[d] engaged in [prior] conduct that proves he has the capacity to actually molest a child, and that he started . . . being involved in this child pornography offense not too long after he had served a 10-year sentence for that conduct."[1] The district court found that the imposed sentence "adequately address[ed]" the "concerns" under § 3553(a) in light of Sherley's sex-abuse history, his conduct in the instant case, and the Guidelines calculation. We discern no error warranting reversal in this conclusion.

AFFIRMED.

---

[1] The district court referred to the PSR's description of Sherley's Texas conviction for indecency with a child by sexual contact, for which he served ten years in state prison and is required to register as a sex offender.