# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-50440
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORBERTO AQUINO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-10-1

Before WIENER, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

For the first time on appeal, Defendant-Appellant Norberto Aquino-Lopez asserts that his 60-month guidelines sentence for illegal reentry is substantively unreasonable. Aquino-Lopez contends that, in setting his sentence, the district court failed to recognize that illegal reentry is a non-violent offense, that he committed the offense for the comprehensible reason of seeking to avoid gang involvement and violence in El Salvador, and that he plans to move to Spain to avoid further illegal reentry offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although we ordinarily review sentences for reasonableness under an abuse-of-discretion standard, we review here for plain error because Aquino-Lopez did not object to his sentence. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although he disagrees that such an objection is necessary to preserve error, Aquino-Lopez recognizes that we have ruled otherwise and raises the issue only to preserve it for further review. *See Peltier*, 505 F.3d at 391-92. Similarly, he asserts that the presumption of reasonableness should not apply to his sentence because the illegal reentry guideline is not supported by empirical data or national experience, but recognizes that this argument is foreclosed as well. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court here implicitly adopted the presentence report, which described Aquino-Lopez's personal history and characteristics. The court also heard Aquino-Lopez's arguments for a below-guidelines sentence as well as his allocution. After considering the presentence report, the Guidelines, and Aquino-Lopez's personal circumstances, the district court determined that a 60-month sentence was appropriate. Aquino-Lopez has failed to show that his presumptively reasonable sentence does not account for a factor that should have received significant weight, that it gives significant weight to an irrelevant or improper factor, or that it represents a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). The judgment of the district court is
AFFIRMED.