# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2013

Lyle W. Cayce
Clerk

No. 12-50471
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR HUGO TORRES-VARGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-3096-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Victor Hugo Torres-Vargas asserts that his below-guidelines 60-month sentence for illegal reentry is substantively unreasonable. According to Torres-Vargas, the guidelines sentencing range was unreasonably high because the guideline was not empirically based and it double-counted his criminal history. He further asserts that the guidelines range was unreasonably high because his offense amounted to a non-violent trespass offense. In addition, Torres-Vargas contends that his sentence did not account for his history and characteristics,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

including that he entered the United States as a seven-year-old child, that he lived here for forty years, and that he returned to see his family.  Finally, he contends that the below-guidelines sentence overstated his risk of recidivism and his danger to the community because his past crimes were the result of substance abuse that has ended.

We review the substantive reasonableness of Torres-Vargas's sentence for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The sentence is not rendered unreasonable by the lack of empirical basis for the illegal reentry guideline or by any double-counting of Torres-Vargas's criminal history.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  We also find no merit in the argument that the sentence is unreasonable because illegal reentry amounts to a nonviolent trespass offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  The district court considered Torres-Vargas's motive for returning and his personal history and characteristics, including his past substance abuse, and it sentenced him 10 months below the applicable guidelines range.  He has not shown that the sentence was unreasonable.

The judgment of the district court is AFFIRMED.