# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

No. 13-50342
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS JOSE UBANDA-HERNANDEZ, also known as Jose Jesus Ubanda-Hernandez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2874-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jesus Jose Ubanda-Hernandez challenges his 41-month sentence imposed following his guilty-plea conviction for illegal reentry following deportation, under 8 U.S.C. § 1326. Ubanda maintains his sentence is substantively unreasonable because it overstates the seriousness of his offense and fails to take his personal circumstances into account.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50342

As Ubanda concedes, review is for plain error under *United States v. Peltier*; he preserves for possible further review the issue of whether an abuse of discretion is the proper standard.  505 F.3d 389, 391-92 (5th Cir. 2007).  For reversible plain error, Ubanda must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  Even if he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*  Ubanda fails, however, to show any error.

In addition to preserving the issue of the correct standard of review, Ubanda seeks to preserve other issues for review as well.  He acknowledges his other contentions, including that his within-Guidelines sentence should not be afforded a presumption of reasonableness because Sentencing Guideline § 2L1.2 was not based on empirical data and national experience, are foreclosed by this court's precedent.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  *Duarte* also forecloses Ubanda's contention that the application of § 2L1.2 results in double counting because his prior convictions were used in determining both his offense level and his criminal history category.  *See id.*  Likewise, this court has rejected the claim that the offense of illegal reentry is merely a trespass offense and is treated too harshly under § 2L1.2.  *United States v. Juarez-Duarte,* 513 F.3d 204, 212 (5th Cir. 2008) ("Congress considers illegal reentry into the United States subsequent to a conviction for an aggravated felony an extremely serious offense punishable by up to twenty years in prison.").

Insofar as Ubanda maintains the district court failed to take into account his personal history and characteristics, the court heard Ubanda's mitigating assertions, but determined those circumstances were insufficient to rebut the

No. 13-50342

presumption of reasonableness that attached to his within-Guidelines sentence. Ubanda's disagreement with the district court's evaluation of the sentencing factors was not sufficient to rebut the presumption of reasonableness. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citation omitted).

AFFIRMED.