# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LESTER ABIMAEL CALDERON-VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-761-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lester Abimael Calderon-Valdez (Calderon) appeals his 80-month sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. He argues that the presumption of reasonableness does not apply to his within-guidelines sentence because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not supported by empirical data.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50239

As Calderon concedes, this argument is foreclosed by *United States v. Duarte*, 564 F.3d 528, 529-31 (5th Cir. 2009).

Calderon also argues that his sentence is greater than necessary to meet the sentencing goals outlined in 18 U.S.C. § 3553(a).  He contends that the Sentencing Guidelines failed to account for his cultural assimilation and his motive for reentering the United States.  Calderon's arguments are insufficient to rebut the presumption of reasonableness.  The district court did not abuse its discretion in imposing the sentence.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *Gall v. United States*, 552 U.S. 38, 51 (2007).  Accordingly, the judgment of the district court is AFFIRMED.