**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jose Antonio SIGUIL–VASQUEZ,**
**Defendant–Appellant.**

**No. 13–51194**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Bradford W. Bogan, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Jose Antonio Siguil–Vasquez appeals the within-guidelines, 41–month sentence imposed for his guilty plea conviction of illegal reentry. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

However, because Siguil–Vasquez did not object to the substantive reasonableness of the sentence, we review his claim of error for plain error. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *United States v. Peltier*, 505 F.3d 389, 390–92 (5th Cir. 2007).

Siguil–Vasquez's arguments fail to rebut the presumption of reasonableness that we apply to his within-guidelines sentence. We have rejected the argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction in the calculation of a defendant's offense level and criminal history score necessarily renders a sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir.2009). We have also rejected substantive reasonableness challenges based on the alleged lack of seriousness of illegal reentry. *United States v. Juarez–Duarte*, 513 F.3d 204, 212 (5th Cir.2008). Too, we have rejected the argument that a below-guidelines sentence is appropriate where the defendant reentered the United States for a benign purpose. *See United States v. Gomez–Herrera*, 523 F.3d 554, 565–66 (5th Cir.2008). Finally, the record demonstrates that when imposing sentence, the district court took into consideration the role that alcohol abuse played in Siguil–Vasquez's prior offenses.

There was no error, plain or otherwise, with respect to the substantive reasonableness of the sentence. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.