# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50792
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

FERNANDO BARRAZA-REVELES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1106

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fernando Barraza-Reveles was convicted by a jury of one count each of conspiracy to possess with intent to distribute methamphetamine ("meth"), possession of meth with intent to distribute, conspiracy to import meth, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

importation of meth.   The district court sentenced him, below the guideline range, to concurrent 240-month sentences and three years' supervised release.

Barraza-Reveles claims that the court should not have instructed the jury that it could consider whether exculpatory statements made by him, which were later determined to be false, could be considered as evidence of guilty knowledge.   Barraza-Reveles maintains that the instruction may have led the jury to believe that the court was expressing an opinion that a false statement had in fact been made, that the court did not advise the jurors that they should consider the statements in light of the other evidence presented, that the court's examples of possible innocent explanations for false statements did not apply to Barraza-Reveles's particular case, the jurors may not have thought that they could consider other innocent explanations, and that the examples given improperly shifted the burden to the defense.

Because Barraza-Reveles objected to the instruction, we review for abuse of discretion.  *See United States v. Orji-Nwosu*, 549 F.3d 1005, 1008 (5th Cir. 2008).  "We consider whether the charge, as a whole, was a correct statement of the law and whether it clearly instructed the jurors as to the principles of the law applicable to the factual issues confronting them." *Id.* (internal quotation marks and citation omitted).  Having done so, we conclude that the jury was properly informed of its duty to determine the facts, its duty to consider all of the evidence, the burden of proof on the government, and the fact that the defense was not required to present evidence or prove innocence. *See id.*

Barraza-Reveles asserts that his sentence is substantively unreasonable.  He maintains that the guideline governing importing or trafficking of meth, U.S.S.G. § 2D1.1, is not empirically based and thus overstates the seriousness of his offense.  Additionally, Barraza-Reveles maintains that the court should have given a lower sentence in light of his favorable personal

No. 14-50792

characteristics and lack of a criminal history. Barraza-Reveles preserved his request for a downward variance based on his personal characteristics, and we review the argument for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). He did not, however, assert that a variance was warranted based on the lack of an empirical basis for the guideline, so we review that contention for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Medina-Anicacio*, 325 F.3d 638, 643 (5th Cir. 2003).

Barraza-Reveles's contention that the court should have taken into account the empirical basis for the meth guideline is foreclosed. *See, e.g.*, *United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009). Furthermore, his general disagreement with the propriety of the sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors does not establish that the court failed to account for a significant factor, gave significant weight to an improper factor, or clearly erred in weighing sentencing factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Barraza-Reveles has not demonstrated that the court erred by sentencing him to a below-guideline sentence. *See Puckett*, 556 U.S. at 135; *Gall*, 552 U.S. at 51.

The judgment of conviction and sentence is AFFIRMED.