# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 1, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILMER JULIAN VILLANUEVA-TURCIUS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-56-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wilmer Julian Villanueva-Turcius appeals the 57-month, within-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. He challenges only the substantive reasonableness of his sentence, arguing that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In support of his argument, he asserts that his illegal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50053

reentry offense is essentially an international trespass and that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is problematic because it is not empirically based and results in the double counting of his criminal history.  He also asserts that the sentence is greater than necessary to promote respect for the law, to provide adequate deterrence, and to protect the public, and that it fails to adequately account for his personal history and characteristics.

A sentence within a properly calculated guidelines range is presumptively reasonable.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Villanueva-Turcius contends the presumption should not be applied but concedes the issue is foreclosed and raises it only for further possible review. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

This court has rejected challenges to the substantive reasonableness of a sentence based on the same international-trespass and double-counting arguments raised in this appeal.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Moreover, the record does not reflect that the sentence fails to "account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors."  *Cooks*, 589 F.3d at 186. Villanueva-Turcius's dissatisfaction with the district court's weighing of the § 3553(a) sentencing factors is insufficient to rebut the presumption of reasonableness.  *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.