# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50217
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO MONTERO-ORNELAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1081

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Ricardo Montero-Ornelas was convicted of illegal reentry and received a within-guidelines sentence of 46 months of imprisonment followed by a three-year term of supervised release. On appeal, he argues that his sentence was unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). As Montero-Ornelas failed to object to the reasonableness of his sentence below, review is for plain error.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although Montero-Ornelas did argue that his criminal history was overrepresented before sentence was imposed below, arguably preserving his double counting objection, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565 n.6 (5th Cir. 2008), his arguments fail regardless of the standard of review used.

A sentence imposed within a properly calculated guidelines range is accorded a presumption of reasonableness and is rebutted only if the district court fails to consider a significant factor, gives weight to an irrelevant factor, or clearly errs in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Montero-Ornelas concedes that his empirical basis challenge to the presumption of reasonableness is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have rejected the argument that a sentence imposed pursuant to U.S.S.G. § 2L1.2 is greater than necessary to meet the § 3553(a) goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31, as well as the argument that illegal reentry is merely an international trespass offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

As to Montero-Ornelas's argument that his sentence is unconstitutionally disproportionate, "[t]he Eighth Amendment has been read to preclude a sentence that is greatly disproportionate to the offense, because such sentences are cruel and unusual." *United States v. Thomas*, 627 F.3d 146, 160 (5th Cir. 2010) (internal quotation marks and citation omitted). Where a within-guidelines sentence is imposed, such a challenge fails because the Guidelines are a "convincing objective indicator of proportionality." *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1134 (5th Cir. 1993) (internal

quotation marks and citation omitted) (upholding a within-guidelines 100-month sentence for illegal reentry).

AFFIRMED.