# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2018

Lyle W. Cayce
Clerk

No. 18-50065
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ADAN ESPINOZA-OROPEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-1538-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Adan Espinoza-Oropeza appeals the 22-month, within-guidelines sentence he received following his guilty plea to illegal reentry. He complains that the sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). Espinoza-Oropeza argues that the illegal reentry guideline renders his sentence unreasonable because it impermissibly double counts his criminal history. He further contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50065

his sentence excessively penalizes his offense, which is essentially one for international trespass, and he urges that the district court failed to adequately consider his personal history and circumstances, including that he returned to reunite with his family, that he fled Venezuela to escape violence and death threats, and that he intends to apply for asylum.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). We have also rejected the contention that the Guidelines' double-counting of the criminal history for illegal reentry renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have likewise rejected the argument that a guidelines sentence under U.S.S.G. § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Espinoza-Oropeza's contention that his benign motives for returning to this country warrant a lesser sentence is unavailing. *See United States v. Gomez-Herrera*, 523 F.3d at 554, 565-66 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). His arguments amount to a request that this court reweigh the sentencing factors, which we will not do. *See Gall*, 552 U.S. at 51; *see also United States v. McElwee,* 646 F.3d 328, 344 (5th Cir. 2011).

The judgment of the district court is AFFIRMED.