# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50637
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ANGEL ESQUIVEL-BUENTELLO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-119-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.
PER CURIAM:[*]

Jose Angel Esquivel-Buentello challenges the sentence imposed for his guilty plea conviction for illegal reentry into the United States. He argues that the within-guidelines sentence of 30 months of imprisonment was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and therefore is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50637

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the sentence falls within the properly calculated advisory guidelines ranges, it is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In previous cases, we have rejected the arguments that Esquivel-Buentello raises on appeal. We have not been persuaded that the offense of illegal reentry is treated too harshly under § 2L1.2 because it is in essence an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have also rejected the contention that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Further, Esquivel-Buentello's contention that his allegedly benign motives for returning to the United States warranted a lesser sentence is unavailing. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). His arguments amount to a request for this court to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).

Esquivel-Buentello has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. Accordingly, the judgment of the district court is AFFIRMED.