# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-50616
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS HERNANDEZ-MEDRANO, also known as Jesus Medrano-Hernandez, also known as Jesus Medrano,

Defendant-Appellant

Cons. w/ No. 19-50617

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS HERNANDEZ-MEDRANO

Defendant-Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-19-1
USDC No. 4:12-CR-24-3

————

No. 19-50616
c/w No. 19-50617

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jesus Hernandez-Medrano challenges the sentence imposed for his guilty plea conviction for illegal reentry into the United States. He argues that the within-guidelines sentence of 66 months of imprisonment was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and therefore is substantively unreasonable. Because he has not challenged his revocation judgment or sentence on appeal, the revocation judgment is AFFIRMED. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the sentence falls within the properly calculated advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In previous cases, we have rejected the arguments that Hernandez-Medrano raises on appeal. We have not been persuaded that the offense of illegal reentry is treated too harshly under U.S.S.G. § 2L1.2 because it is in essence an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have also rejected the contention that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Further, Hernandez-Medrano's contention that his allegedly benign motives for returning to the United States warranted a lesser sentence is unavailing. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50616
c/w No. 19-50617

Cir. 2008).  His arguments amount to a request for this court to reweigh the sentencing factors, which we will not do.  *See United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019), *cert. denied*, 2019 WL 6257514 (U.S. Nov. 25, 2019) (No. 19-6375).

Hernandez-Medrano has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness.  *See Cooks*, 589 F.3d at 186.  Accordingly, the district court's judgment regarding his illegal-reentry conviction is AFFIRMED.