# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50847
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ZEFERINO FRANCISCO-MATIAS, also known as Francisco Ceferino
Zeferino, also known as Zefarino Matias, also known as Jose Manuel Matias,
also known as Jose Manuel Francisco, also known as Francisco Ceferin
Zeferino, also known as Zeferino Matias-Francisco,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-181-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Zeferino Francisco-Matias challenges the sentence imposed for his guilty
plea conviction for illegal reentry into the United States. He argues that the
within-guidelines sentence of 24 months of imprisonment was greater than

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and therefore is substantively unreasonable.

We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Because the sentence falls within the properly calculated advisory guidelines range, it is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

In previous cases, we have rejected the arguments that Francisco-Matias raises on appeal. We have not been persuaded that the offense of illegal reentry is treated too harshly under U.S.S.G. § 2L1.2 because it is in essence an international trespass. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). We have also rejected the contention that § 2L1.2's double-counting of a defendant's criminal history necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). His arguments amount to a request for this court to reweigh the sentencing factors, which we will not do. *See United States v. Martinez*, 921 F.3d 452, 483 (5th Cir. 2019), *cert. denied*, 2019 WL 6257514 (U.S. Nov. 25, 2019) (No. 19-6375).

Francisco-Matias has not shown that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors; thus, he has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186. Accordingly, the district court's judgment regarding his illegal-reentry conviction is AFFIRMED.