# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60491
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Quishaun Bernard Bennett,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:23-CR-79-1

———————————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Quishaun Bernard Bennett appeals the sentence that followed his guilty plea for distribution of methamphetamine. He received a within-guidelines sentence of 120 months of incarceration. Bennett now contends that his sentence was procedurally and substantively unreasonable because (i) the sentencing court misconstrued his arguments, and (ii) the Sentencing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Commission has concluded that methamphetamine purity is no longer a reliable measure of culpability and thus the greater offense levels for purer methamphetamine lack an empirical basis.

As for the court's purported procedural error, we review factual findings for clear error and legal issues de novo. *See United States v. Hebert*, 813 F.3d 551, 559 (5th Cir. 2015). And as Bennett raised his specific argument about drug purity to argue for a lesser sentence before the district court, we review the substantive reasonableness of his sentence for abuse of discretion. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 174-75 (2020). However, much of what he characterizes as procedural error regarding the court's purported failure to consider his purity argument is in effect an argument about his sentence's substantive reasonableness; indeed it is the argument he made below, now brings on appeal, and to which we now turn.

Although there may have been an initial misunderstanding, the record demonstrates that the court understood and considered his argument and simply rejected it. As for Bennett's argument that increased sentences for methamphetamine based on purity lack an empirical basis, district courts may, but are not required to vary because of a policy disagreement or because a guideline lacks an empirical basis. *United States v. Malone*, 828 F.3d 331, 338 (5th Cir. 2016). Nor is a court required to "conduct a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines." *United States v. Duarte*, 569 F.3d 529, 530 (5th Cir. 2009). We have, therefore, repeatedly rejected the argument that a sentencing guideline's lack of empirical basis renders the resulting sentence unreasonable. *See United States v. Lara*, 23 F.4th 459, 485-86 (5th Cir. 2022) (collecting cases).

Accordingly, we AFFIRM the judgment of the district court.