# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 12-51241
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 22, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ANTONIO JAIME-JUAREZ, also known as El Memil,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-1911-1

———————

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Antonio Jaime-Juarez appeals from his conviction of illegal reentry following removal. He contends that his sentence of 87 months of imprisonment, which was within the applicable guideline sentencing range, was substantively unreasonable. Jaime-Juarez did not object to the reasonableness of his sentence in the district court and therefore our review is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Jaime-Juarez's contention that sentences calculated under the illegal reentry guideline are not entitled to a presumption of reasonableness, is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (affirming a within-guideline sentence following conviction of illegal reentry and rejecting Appellant's argument that this Court must examine the empirical basis for the relevant Sentencing Guidelines provision before affording a presumption of reasonableness to the within-guideline sentence). Jaime-Juarez's argument that his sentence is unreasonable because his offense was a mere international trespass is likewise foreclosed by this Circuit's precedent. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008) (rejecting argument that the Appellant's 87 month prison sentence for illegal reentry was unreasonable because the offense was "no more than simple trespass.").

Finally, the district court rejected the argument that Jamie-Juarez was unable to comprehend that reentry into the United States could have serious consequences, as Jaime-Juarez had been convicted of illegal reentry once before and had been admonished to this effect. Jaime-Juarez has not shown that the district court's finding in this regard amounts to plain error.

Jaime-Juarez has failed to rebut the presumption of reasonableness given to his within-range sentence. *See United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006). He has failed to show error, plain or otherwise.

AFFIRMED.