# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50355
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE SANTOS-CORTEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1492-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Santos-Cortez pleaded guilty to being unlawfully present in the United States after removal. Santos challenges his within-Guidelines sentence of, *inter alia*, 51-months' imprisonment. He contends his sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals under 18 U.S.C. § 3553(a). In that regard, he maintains the district court gave too much weight to his previous convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50355

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Santos does not claim procedural error. Instead, as noted, he maintains his sentence was substantively unreasonable. "A discretionary sentence imposed within a properly calculated [G]uidelines ranges is presumptively reasonable". *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (citations omitted).

The parties dispute the applicable standard of review. Santos contends he preserved his challenge by claiming his prior convictions were counted multiple times in determining his Guidelines range, whereas the Government asserts plain-error review applies because Santos did not object to his sentence when it was imposed. In any event, we need not determine whether plain-error review is appropriate because Santos' claim fails even assuming the issue was properly preserved.

When sentencing a defendant, the district court must consider, *inter alia*, the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a). The substantive reasonableness of a sentence is determined by considering "the totality of the circumstances, granting

No. 13-50355

deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors". *United States v. McElwee*, 646 F.3d 328, 337 (5th Cir. 2011) (citation and internal quotation marks omitted). For obvious reasons, "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant". *Campos-Maldonado*, 531 F.3d at 339.

As Santos acknowledges, for illegal reentry, the Guidelines and this court's precedent permit criminal history to be used to determine both the offense level and the criminal-history category. *See, e.g.*, *United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009); U.S.S.G. § 2L1.2, cmt. n.6. The district court considered Santos' contentions supporting a lesser sentence, but found the 51-month sentence appropriate. Santos fails to rebut the presumption of reasonableness. *See, e.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.