# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50641
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS CASARES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2328

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Luis Casares challenges the substantive reasonableness of the sentence imposed for possession with intent to distribute more than 100 kilograms of marijuana. He was sentenced within the guidelines range to 96 months of imprisonment and five years of supervised release. Because Casares failed to object at sentencing, our review is limited to plain error. *See Puckett v. United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Casares contends that his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) because the drug trafficking Guideline, U.S.S.G. § 2D1.1, is not based on empirical data. Further, he contends that the sentence failed to account for his personal history and characteristics, including his difficult childhood, limited education, virtual illiteracy, and serious drug and alcohol abuse. Moreover, he contends that the sentence is greater than necessary to meet the statutory goals of protecting the public and deterring future crime because he is 43 years old and recidivism rates for older defendants is markedly lower. Casares also argues that the sentence is eight times longer than any sentence he has previously served and that he is sincerely remorseful and resolved to change his life.

The district court was not required to question the empirical grounding behind § 2D1.1. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). Casares's history and characteristics were before the district court, yet the district court imposed a sentence within the guidelines range. We have recognized that "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Casares has not demonstrated that the district court failed to give the proper weight to any particular § 3553(a) factor or that his sentence "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Therefore, he has failed to rebut the presumption of reasonableness that is accorded to his within-guidelines sentence. *See id.*

Accordingly, the judgment of the district court is AFFIRMED.