# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50361
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LINO GUILLEN, also known as Juan Antonio Cruz-Guillen,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1008-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Lino Guillen appeals the 51-month sentence imposed following his guilty plea conviction for illegal reentry. He argues that his sentence, which is within the applicable guidelines range, is unreasonable. Guillen contends that his sentence is greater than necessary to meet the sentencing goals set forth in 18 U.S.C. § 3553(a) because the district court applied undue weight to, and effectively double counted, his prior conviction for two counts of attempted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50361

murder and did not account for his motive for reentering the United States (i.e., to escape violence in El Salvador). He also asserts that the presumption of reasonableness does not apply to his sentence because U.S.S.G. § 2L1.2 is not supported by empirical data. We review the sentence for reasonableness, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court's sentencing decision was based on an individualized assessment of the facts in light of the § 3553(a) factors. *See id.* at 49-51. The district court's determination of the appropriate sentence is entitled to deference, and we may not reweigh the § 3553(a) factors or reverse a sentence because we might reasonably conclude that a different sentence is proper. *Id.* at 51-52. Guillen's arguments regarding the double counting of his prior conviction and his motive for reentering the United States are insufficient to rebut the presumption of reasonableness that applies to his sentence. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). As Guillen concedes, we have rejected his argument that the presumption of reasonableness should not apply because § 2L1.2 is not empirically based. *See Duarte*, 569 F.3d at 529-30.

AFFIRMED.