# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50930
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSE MARTINEZ-JIMENEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1479-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Jose Martinez-Jimenez appeals the 43-month within-guidelines sentence imposed for his guilty-plea conviction of illegally reentering the United States after deportation. He challenges only the substantive reasonableness of the sentence, which he contends is greater than necessary to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

achieve the goals of 18 U.S.C. § 3553(a).  Martinez-Jimenez maintains that the sentence overstates the seriousness of the offense because it is essentially an international trespass; that the illegal-reentry guideline, U.S.S.G. § 2L1.2, is not empirically based and results in the double-counting of prior convictions; and that the sentence is greater than necessary to provide adequate deterrence and to protect the public and fails adequately to account for his personal history and characteristics.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are ordinarily reviewed for substantive reasonableness under an abuse-of-discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).  Although Martinez-Jimenez objected in the district court to his sentence as greater than necessary to satisfy the goals of § 3553(a), he failed to mention all of the grounds that he raises on appeal.  Nevertheless, because the sentence can be affirmed under an abuse-of-discretion standard, we need not decide whether plain-error review should apply.

We have rejected the arguments that illegal reentry is merely an international trespass offense that is treated too harshly under § 2L1.2, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008), and that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double-counting inherent in that guideline, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  Additionally, the record does not reflect that the within-guidelines sentence fails to "account for a factor that should receive significant weight , . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

For these reasons, the judgment of sentence is AFFIRMED.