# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

No. 14-50963
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CARLOS ROMAN OLIVA-SERRANO,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-7

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Carlos Roman Oliva-Serrano appeals the 51-month sentence imposed following his guilty plea conviction for illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. He challenges only the substantive reasonableness of the sentence, claiming it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). In doing so, and in keeping with with the claims consistently made for such appeals, he

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

asserts the sentence overstates the seriousness of the offense because: the offense was essentially an international trespass; Sentencing Guideline § 2L1.2 (illegal-reentry provision) is not empirically based and results in the double-counting of prior convictions; and the sentence is greater than necessary to provide adequate deterrence and protect the public, and fails to adequately account for his personal history and characteristics.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, Oliva challenges only the substantive reasonable of his sentence.

Although Oliva objected in district court to his sentence being greater than necessary to satisfy the sentencing goals of § 3553(a), and supported this by contending his alcoholism and motives for reentering the United States warranted a sentence at the low-end of the advisory Guidelines-sentencing range, he failed to assert the other grounds he now raises in support of his challenge. Regardless, his sentence may be affirmed under either a plain-error or an abuse-of-discretion standard of review.

As in this instance, a sentence within a properly calculated Guidelines range is presumptively reasonable. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Oliva first contends the presumption should not be applied, but he concedes this challenge is foreclosed, and raises it only for

No. 14-50963

further possible review.  *E.g., United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

Our court has likewise rejected Oliva's international-trespass and double-counting claims.  *See, e.g., United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Additionally, the sentence does not fail to "account for a factor that should receive significant weight , . . . give[] significant weight to an irrelevant or improper factor, or . . . represent[] a clear error of judgment in balancing sentencing factors".  *Cooks*, 589 F.3d at 186.  In short, Oliva's dissatisfaction with the district court's weighing of the § 3553(a) sentencing factors is insufficient to rebut the presumption of reasonableness. *See, e.g., United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.