# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50229
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDELARIO HERNANDEZ-RODRIGUEZ, also known as El Gorras,

Defendant-Appellant

Cons. w/No. 15-50230

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CANDELARIO HERNANDEZ-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-527-1
USDC No. 2:14-CR-810-1

No. 15-50229 c/w 15-50230

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Following Candelario Hernandez-Rodriguez's guilty plea to illegal reentry after deportation, the district court sentenced him to 70 months in prison.  The district court also revoked a term of supervised release that had been imposed following Hernandez-Rodriguez's 2011 conviction for transporting illegal aliens and imposed a consecutive 12-month sentence.  In this consolidated appeal, Hernandez-Rodriguez asserts that his aggregate 82-month sentence is procedurally and substantively unreasonable.  Specifically, he contends that a 2007 alien transportation conviction was improperly used multiple times to enhance the offense levels and the criminal history categories at sentencing for both the 2011 alien transportation and the illegal reentry convictions.  In addition, he maintains that the 2011 conviction resulted in multiple criminal history points and that the district court improperly relied upon the prior alien transportation convictions as justification to run the sentences consecutively.  Hernandez-Rodriguez asserts that the guidelines and advisory policy statement ranges resulted in a greater-than necessary sentence, particularly in light of the mitigating circumstances and benign motives for his return to the United States.

We review sentences for reasonableness, first ensuring that the sentencing court committed no significant procedural error, such as miscalculating the applicable guidelines range, and then reviewing the substantive unreasonableness of the sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  However,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because Hernandez-Rodriguez did not object to the guidelines calculations or to his sentences on the grounds he now raises, we review his claims for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To establish plain error, Hernandez-Rodriguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Hernandez-Rodriguez's challenge to the double-counting of his prior convictions does not constitute either a procedural or substantive sentencing error, as the guidelines at issue do not forbid the consideration of prior convictions to enhance both the offense level and the criminal history category. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). Moreover, his general disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See Gall*, 552 U.S. at 51; *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Hernandez-Rodriguez has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines aggregate sentence of 82 months in prison. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 391-92. Consequently, the judgment of the district court is AFFIRMED.