# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

YVONNE DENISE GONZALEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-500-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Yvonne Denise Gonzalez pleaded guilty to conspiracy to transport an illegal alien within the United States for financial gain and two substantive counts of transporting an illegal alien within the United States for financial gain. Gonzalez was sentenced to 18 months of imprisonment to be followed by three years of supervised release, and she now appeals that sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41529

Challenging the procedural reasonableness of her sentence, Gonzalez argues that the district court failed to fully consider the 18 U.S.C. § 3553 factors before imposing her sentence. Because Gonzalez did not object in the district court on this basis, her argument is reviewed only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). However, there is no error as the record shows that the district court considered each of the mitigating arguments presented here by Gonzalez, and the district court expressly stated that it had considered the § 3553(a) factors. Gonzalez also renews her argument that her prior alien-smuggling conviction was impermissibly double-counted when it was used both to increase her offense level and her criminal history score. This argument is unavailing. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Gonzalez also challenges her sentence as being substantively unreasonable. Her argument in the district court for a lesser sentence did not preserve this issue for review, and we review it only for plain error. *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Gonzalez contends that her 18-month sentence is excessive because (1) the certainty of punishment, rather than the length of imprisonment, is the most important deterrent factor; (2) her low criminal history category, her gender, and her age all make her less likely to recidivate; (3) she has no violent history and there is thus no need to protect the community from her. Gonzalez's arguments amount to a mere disagreement with the sentence found by the district court to be appropriate. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). However, Gonzalez's within-guidelines sentence is afforded a presumption of

reasonableness that she has failed to rebut. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.