# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-50554
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

GUILLERMO GOMEZ GONZALEZ, also known as Albert Asael Arguet-Cruz,

Defendant – Appellant

————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-1813-1

————————

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mexican national Guillermo Gomez Gonzalez appeals the within-Guidelines 46-month sentence imposed following his guilty plea for importing and possessing heroin with the intent to distribute, in violation of 21 U.S.C. §§ 952 and 841. At sentencing, he objected to the sentence as unreasonable given his history and characteristics.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-50554

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Gonzalez' pre-sentence investigation report (PSR) stated he was arrested at the Paso Del Norte port of entry after 4.64 gross kilograms of heroin were discovered in a secret compartment in the vehicle he was driving. He admitted he was to be paid $1,500 for transporting the drugs across the border, but denied knowledge of the type and quantity of drugs in the vehicle.

The base offense level was originally determined to be 32, pursuant to Guideline § 2D1.1, though the court reduced the base offense level to 30 after finding the actual weight of the heroin was less than listed in the PSR. After reductions for a minor role in the offense, acceptance of responsibility, and safety-valve consideration, Gonzalez' total offense level was determined to be 23. With a criminal history category of I, his advisory Guidelines sentencing range was 46-57 months' imprisonment.

As noted, at sentencing Gonzalez requested a below-Guidelines sentence, citing several mitigating factors, including his personal characteristics, family history, and reason for committing the offense, each of which was set forth in the PSR. The Government opposed the request because Gonzalez imported a significant quantity of a dangerous drug. The court implicitly agreed with the

No. 16-50554

Government and denied Gonzalez' request, sentencing him to 46 months, the low end of the Guidelines range. And, the court overruled Gonzalez' objection to the sentence as unreasonable given his history and characteristics.

Gonzalez asserts his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). He contends the court erred by giving too much weight to the drug type and quantity involved in the offense and not enough weight to his personal history and characteristics, particularly because Guideline § 2D1.1 is not empirically based.

Gonzalez' contentions are without merit. The court was not required to question the empirical grounding behind § 2D1.1. *See United States v. Duarte*, 569 F.3d 528, 530–31 (5th Cir. 2009). Gonzalez has not demonstrated that the court failed to give the proper weight to any particular § 3553(a) factor, or that his sentence "represents a clear error of judgment in balancing sentencing factors". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Instead, he seeks to have this court reweigh the relevant sentencing considerations, which our court will not do. *See Gall*, 552 U.S. at 51. In short, Gonzalez fails to rebut the presumption of reasonableness accorded to his within-Guidelines sentence. *See Cooks*, 589 F.3d at 186.

AFFIRMED.