# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-30883
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher Dewayne Brown,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-52-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Christopher Dewayne Brown pleaded guilty to distributing methamphetamine, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(B), and was sentenced below the advisory guidelines range to 160 months of imprisonment as well as four years of supervised release.

———————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30883

Brown argues that his below-guidelines range sentence is substantively unreasonable. Specifically, he contends that the district court applied the career offender enhancement under U.S.S.G. § 4B1.1 mechanically, without consideration of the 18 U.S.C. § 3553(a) factors and the facts of his case. He relatedly appears to raise a policy-based challenge to the reasonableness of his sentence.

We review a preserved challenge to the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). Where, as here, the district court varies downward from the guidelines range, the sentence is entitled to a presumption of reasonableness. *See United States v. Gozes-Wagner*, 977 F.3d 323, 343 (5th Cir. 2020). Brown has not rebutted this presumption. The district court expressly considered pertinent § 3553(a) factors at sentencing and the materials submitted by Brown, and it varied downward, albeit less than requested. His policy disagreement with § 4B1.1 likewise fails to rebut the presumption of reasonableness. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.