# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2025

Lyle W. Cayce
Clerk

No. 24-50599
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Cimeon Dion Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CR-701-1

_____

Before Jones, Dennis, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Cimeon Dion Williams pleaded guilty to a single count of conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (B)(iii). The district court found that an upward variance from the guidelines imprisonment range was warranted and sentenced Williams to 60 months in prison. Williams appeals his sentence.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50599

Williams argues that the district court wrongly denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 based on the finding that he did not voluntarily terminate or withdraw from criminal conduct after his arrest. Because he did not preserve this issue by asserting it in the district court, our review is for plain error. *See United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003).

The district court did not plainly err in finding that Williams's assault of a correctional officer prior to sentencing was a proper basis to deny him a § 3E1.1 reduction. *See* § 3E1.1, comment. (n.1(B)) and (n.3). While he argues that his conduct was attributable to an unspecified mental health issue, he has not shown or pointed to record evidence that establishes that he had a mental health issue that caused him to engage in conduct that was inconsistent with the acceptance of responsibility or that contributed to his behavior during the incident. Nor has he identified authority that allows, much less requires, a court to consider a defendant's mental health issues when deciding whether to grant a reduction under § 3E1.1. The district court otherwise did not err in finding that no reduction was warranted based on the factual recitation of the incident in the presentence report (PSR). That recitation bore sufficient indicia of reliability, and Williams did not offer rebuttal evidence that showed that the recitation was untrue, inaccurate, or unreliable. *See United States v. Peterson*, 977 F.3d 381, 396-97 (5th Cir. 2020); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Williams also argues that the district court wrongly applied an adjustment under U.S.S.G. § 2L1.1(b)(6) based on the finding that the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. We review his unpreserved claim for plain error. *See United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022).

No. 24-50599

The record evidence reflects that one of the illegal aliens that Williams conspired to transport was moved in the trunk of a car. This behavior is listed in the commentary to § 2L1.1(b)(6) as the type of conduct contemplated by the Sentencing Commission in drafting the guideline provision; thus, the district court properly could apply the adjustment on that basis. § 2L1.1, comment. (n.3); *see United States v. Mateo Garza*, 541 F.3d 290, 293-94 (5th Cir. 2008). His claim that there was no credible evidence that he knew that there was an alien in the trunk is belied by his unrebutted and unchallenged post-detention admissions, which are described in the factual basis and PSR. Furthermore, his assertion that his alleged mental health issue may have affected his ability to recognize the risk of harm to the alien is baseless and speculative, and it is immaterial that the alien was not actually harmed. *See United States v. Ruiz-Hernandez*, 890 F.3d 202, 212 (5th Cir. 2018). While Williams contends that the district court should have used its discretion to not apply § 2L1.1(b)(6), the district court correctly used the Sentencing Guidelines as a starting point to find the guidelines range and did not express a lack of appreciation for its ability to vary if it determined that § 2L1.1(b)(6) lacked a sound basis in policy or empirical support. *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007); *United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.

3